**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

DOLORES A. RIKARD                                        PLAINTIFF

V.                                                                 CIVIL ACTION NO.
                                                                         2:07-CV-162-P-A

MICHAEL J. ASTRUE,
Commissioner of Social Security                              DEFENDANT

### MEMORANDUM OPINION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Dolores A. Rikard for a period of disability and disability insurance benefits under Title II and Supplemental Income (SSI) benefits under Title XVI of the Social Security Act. This action is brought under § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g). The district court's jurisdiction over Rikard's claim rests upon 28 U.S.C. § 1331.

### PROCEDURAL HISTORY

On November 26, 2003, Dolores A. Rikard protectively filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplementary security income. Rikard alleged the onset of her disability was February 14, 2000. Tr. 101-04, 108-12. The claims were denied on May 5, 2004 and on reconsideration on July 22, 2004. Tr. 56-59, 63-68. The plaintiff timely filed a request for a hearing before an administrative law judge [ALJ] on August 17, 2004, Tr. 45, which was held on December 12, 2006. On December 22, 2006, the ALJ issued his decision denying the claim. Tr. 15-26. The Appeals Council denied Rikard's request for review, Tr. 4, making the ALJ's decision the final decision of the Commissioner, now ripe for the court's review.

**FACTS**

Rikard was born on February 9, 1955, and she alleges that she became disabled on February 14, 2000. Tr. 108. Hence, she was forty-five years old at the time of onset of her alleged disability[1] and fifty-one years old at the time of the hearing.[2] Tr. 24. She has a high school education and completed one year of college. Tr. 120. Her past relevant work included cashier checker, counter clerk at a dry cleaner, presser at a dry cleaner, veterinarian technician, waitress and assistant manager at a Sonic Drive-In. Tr. 131-38; 471.

The ALJ determined that the plaintiff had severe impairments of status post surgery for meniscal tear of the left knee, degenerative joint disease of the lumbar spine, degenerative joint disease of the right hip, mental impairments variously diagnosed as depression, anxiety, and personality disorder, and obesity. Tr. 18. Although the ALJ determined that these impairments caused more than minimal limitations of the claimant's ability to perform basic work functions, he did not find that the musculoskeletal or mental impairments met, either in combination or individually, any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 18. Upon consideration of the entire record including the medical evidence and the opinion of the agency medical source, the ALJ determined the claimant's residual functional capacity [RFC]. Tr. 18-24. Based upon the testimony of the vocational expert [VE], the ALJ found that the claimant acquired work skills from her past relevant work that are transferable to other occupations which comport with her RFC and that those jobs exist in significant numbers in the national economy.

---

[1] As defined by regulation, a younger person is 45-49 years of age. 20 C.F.R §§ 404.1563, 416.963.

[2] As defined by regulation, a person approaching advanced age is 50-54 years of age. 20 C.F.R §§ 404.1563, 416.963.

Tr. 25. Taking into account the testimony of the VE, the ALJ determined that the claimant was unable to perform her past relevant work. Tr. 24. Applying the Medical-Vocational Rules 201.20 or 202.22, which pertain to a younger person, the ALJ found that the claimant was not disabled. Tr. 26.

## DISCUSSION

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390 (1971)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Commissioner,[3] even if it finds that the evidence leans against the Commissioner's decision.[4] If the Commissioner's decision is supported by the evidence, then it is conclusive and must be

---

[3] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[4] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

upheld.  *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[5] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels, the burden then shifts to the Commissioner at step five.[6] First, the plaintiff must prove she is not currently engaged in substantial gainful activity.[7] Second, the Commissioner considers the medical severity of the claimant's impairment.[8] At step three the ALJ must conclude the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[9] Fourth, the Commissioner determines the plaintiff's residual functional capacity, and the plaintiff bears the burden of proving she is incapable of meeting the physical and mental demands of her past relevant work.[10] If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[11] If the Commissioner proves other work exists which the plaintiff can

---

[5] *See* 20 C.F.R. §§ 416.920, 404.1520(2007).

[6] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[7] 20 C.F.R. §§ 416.920(a)(4)(I), 404.1520(a)(4)(i)(2007).

[8] 20 C.F.R. §§ 416.920(a)(4)(ii), 404.1520(a)(4)(ii)(2007).

[9] 20 C.F.R. §§ 416.920(a)(4)(iii), 404.1520(a)(4)(iii)(2007).

[10] 20 C.F.R. §§ 416.920(a)(4)(iv),404.1520(a)(4)(iv)( 2007).

[11] 20 C.F.R. §§ 416.920(a)(4)(v),404.1520(a)(4)(v)(2007).

perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[12]

Rikard alleges that the Commissioner erred by relying on testimony that was inconsistent with the Dictionary of Occupational Titles and Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational titles [SCODICOT] as to her acquisition of transferrable management skills, by failing to apply the grid rules and by relying upon an impermissible selective reading of the record.. The first two issues that Rikard raises concern the ALJ's analysis of her vocational factors, including age, education and past work experience. Rikard contends that the ALJ's finding that she obtained transferable skills in her past relevant work as an assistant manager at a Sonic Drive-In was erroneous because she was not in the position long enough to obtain such skills. Docket no. 12, p.7.

Skills obtained from semi-skilled work may be transferrable to other jobs, and transferability depends primarily on the similarity of occupationally significant work activities among different jobs. 20 C.F.R. §§404.1568(d); 416.968(d); SSR 82-41, 1982 WL 31389, *2 (S.S.A). Semiskilled jobs are more complex than unskilled jobs and require more than 30 days to learn; however, certain semiskilled activities may be little more than unskilled occupations. SSR 82-41, 1982 WL 31389, *2. Consequently, ALJ must consider the actual complexities of the job in determining transferability. Id. Transferability is at issue and most meaningful among jobs which require the same or a lesser degree of skill, such as transferring skills from a skilled job to a semiskilled job. Id. at 5.

The ALJ has the burden of demonstrating that the plaintiff has obtained transferrable skills from past relevant work, and that determination must be supported by substantial evidence.

---

[12] *Muse*, 925 F.2d at 789.

Moreover, when a claimant has performed work for a very short amount of time and has left the field after a very short period of time due to inability to adapt to the work, this period of work generally does not qualify as past relevant work for purposes of determining transferrable skills; rather, such a scenario is considered an unsuccessful work attempt. *Jeffcoat v. Secretary of Health and Human Services*, 910 F.Supp. 1187, 1194 (E.D. Texas, 1995) (citing 20 C.F.R. §404.1574(a)(1)); *York v. Shalala*, 16 F.3d 1215(5th Cir. 1994).

The ALJ relied on the VE's testimony that the claimant obtained transferrable skills from her employment as an assistant manager at a Sonic Drive-In, Tr. 24-25, from March 1996 through May 1996. Tr. 131. Because this period of employment was approximately only two to three months in length, the ALJ's determination whether this position was past relevant work experience or an unsuccessful work attempt must be supported by substantial evidence. Further, if it was past relevant work experience, there must be substantial evidence to demonstrate that Rikard actually obtained the transferrable skills cited by the VE. As there is no evidence to support the conclusion that her work at Sonic was past relevant work experience, the issue of whether Rikard obtained transferrable work skills from the position as an assistant manager at a Sonic Drive-In is not supported by substantial evidence.

Rikard also contends that the ALJ misapplied the Medical-Vocational Guidelines (grid rules) because he used grid rules 201.20 or 202.22 – which pertain to a younger person – when he should have applied grid rule 201.14 – which applies to a person closely approaching advanced age. Docket no. 12, p. 8. Age is a relevant vocational factor, but the Social Security Administration will not consider age alone to determine a claimant's ability to work. 20 C.F.R. §§ 404.1563(a), 416.963(a). Age is determined at the time of the decision, not at the time of the

application or the hearing. *Varley v. Secretary of Health & Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). The relevant inquiry is whether the claimant has the ability to engage in substantial gainful activity. *Varley*, 820 F.2d at 780. The fact that the claimant is unable to engage in substantial gainful activity at the time of the decision, but may have been able to do so in the past, goes to the question of the onset date, not the question of disability. Id.

As of December 22, 2006, the date of the decision, Rikard was 51 years of age, thus closely approaching advanced age. The ALJ recognized that Rikard was a younger person at the time of her application but was a person approaching advanced age at the time of the hearing. Tr. 24. In applying grid rules 201.20 and 202.22, the ALJ appears to have determined Rikard's age at the date of her application to be determinative of Rikard's age, which is contrary to case law. The determination that Rikard was of younger age necessitated the application of different grid rules than if the she were closely approaching advanced age. The ALJ's conclusion regarding Rikard's age category is significant to performance of the vocational factor analysis. Although the SSA is not required to apply the age categories mechanically in borderline situations,[13] there is no documentation in the record to support the ALJ's determination that Rikard was a younger person rather than a person closely approaching advanced age. The court finds that the ALJ's conclusion concerning Rikard's age is both contrary to the legal standard and unsupported by substantial evidence.

At the fifth step of the sequential evaluation process, the burden rests on the Commissioner to prove that Rikard is able to perform other work The Commissioner failed to carry that burden because there was not substantial evidence to support the conclusion that

---

[13] 20 C.F.R. §§404.1563(b), 416.963(b).

Rikard obtained transferrable skills at her previous position as an assistant manager at a Sonic Drive-In, the ALJ did not apply the correct legal standard to determine Rikard's age nor was there substantial evidence to support the ALJ's conclusion that Rikard was a "younger person" at the time of the decision. As such, this case must be reversed and remanded to the Commissioner for further proceedings in accordance with this opinion.[14] A separate final judgment in accordance with these findings shall issue this day.

       This the 18th day of March, 2009.

                                       /s/ W. Allen Pepper, Jr.
                                       W. ALLEN PEPPER, JR.
                                       UNITED STATES DISTRICT JUDGE

---

[14] In making this determination, the court did not consider the other issue plaintiff raised in her brief in support of entitlement to benefits.